## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| BARBARA BIGBEE, *et al*., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-3573 |
| | § | |
| DEUTSCHE BANK NATIONAL TRUST | § | |
| COMPANY as Trustee for Morgan Stanley | § | |
| Mortgage Loan Trust 2006-NC3, *et al*., | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING MOTION TO REMAND
## AND ORDERING THE PLAINTIFFS TO REPLEAD

The plaintiffs, Donald and Barbara Bigbee, filed a "Petition Contesting Deutsche Bank's Right to Foreclose" in Texas state court. The defendants, Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Mortgage Loan Trust 2006–NC3, and Wells Fargo Bank, N.A., removed this case to federal court on the basis of diversity jurisdiction. The plaintiffs timely moved to remand, arguing that neither diversity of citizenship nor the minimum amount in controversy is met. (Docket Entry No. 9). As to the first, the plaintiffs argue that the Trust's beneficiaries and investors were not disclosed in the notice of removal but must be known and considered to show diversity of citizenship. As to the second, the plaintiffs argue that the tax appraisal for their property is inflated. Neither ground supports remand.

When, as here, the trustee rather than a trust is the named party, it is the trustee's citizenship that matters, not the investors' or beneficiaries' citizenship. *See Hosey v. Network Funding LP*, No. H–13–cv–2573, 2013 WL 5971061, at *2 (S.D. Tex. Nov. 8, 2013) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 191–94 (1990); *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 465 (1980)). The

record shows that Deutsche Bank is a national banking association with its principal office in California.  It is a California citizen for diversity purposes.  *See* 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006).  Wells Fargo is a national banking association with its main office in South Dakota.  It is a citizen of South Dakota for diversity purposes.  Both are diverse to the plaintiffs, who are Texas citizens.  The diversity requirement is satisfied.

The amount in controversy is also satisfied.  The record shows that it is more probable than not that the amount at issue exceeds $75,000.  *See White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003); *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  The defendants allege that the amount in controversy is at least $77,170, the value of the property's most recent tax appraisal.  (Docket Entry No. 1 at 6).  The plaintiffs argue that this is an "inflated number" set to gain "as much tax revenue for the county as possible" and in the past has been "adjusted down" when protested or because the plaintiffs have obtained another appraisal at a lower amount.  (Docket Entry No. 9 at 2).  But, as the defendants point out, courts routinely consider tax appraisals in determining whether the jurisdictional amount is met.  *See Griffin v. HSBC Bank USA*, No. 3:10–cv–728–L, 2010 WL 4781297, at *3 (N.D. Tex. Nov. 24, 2010) (considering a county's tax appraisal of a property as evidence that the amount in controversy requirement was met); *Eisenberg v. Deutsche Bank Trust Co. Am.*, No. SA–11–cv–384, 2011 WL 2636135, at *1 (W.D. Tex. July 5, 2011).  The defendants also submitted a copy of a "Residential Broker Price Opinion" stating that the property's "As Is Market Value" as of June 15, 2013 was $77,500.  (Docket Entry No. 17, Ex. C at 2).  The mortgage payoff amount as of May 20, 2013, was $117,844.20, which includes a principal balance of $99,852.03.  (Dolan Declaration, *id.*, Ex. A at ¶ 4; *id.*, Ex. B at 1).  The amount in controversy requirement is met.

2

Because both elements of diversity jurisdiction are satisfied, the motion to remand is denied.

The defendants have also moved for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure.  (Docket Entry No. 6).  The plaintiffs' pleading is difficult to understand.  In part, it is because they have not complied with the Rule 8 requirement of a "short and plain statement of the claim" showing that they are entitled to relief.  Nor have they provided a clear statement of what relief they seek.  As a result, the court orders the plaintiffs to replead, no later than **February 14, 2013**, to comply with the rules.  A failure to do so may lead to dismissal of this case.  The motion for more definite statement is moot.

SIGNED on January 22, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge